**Thomas L. GLIDEWELL, Plaintiff,**

v.

**TOWN OF GANTT, et al., Defendants.**

**No. Civ.A. 01–A–341–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 10, 2001.

Thomas J. Glidewell, Mobile, AL, for plaintiff.

Randall C. Morgan, Montgomery, AL, Allen G. Woodard, Andalusia, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion for Summary Judgment filed by Defendants Town of Gantt, Diane Fowler, and Myrtle Scott on October 5, 2001.

The Plaintiff, Thomas L. Glidewell ("Glidewell"), originally filed his Complaint in this case in the Circuit Court of Covington County. The case was subsequently removed on the basis of federal question jurisdiction.

Glidewell brings claims against Diane Fowler for malicious prosecution (Count I), against Myrtle Scott for false arrest and negligence (Count II), against the Town of Gantt for negligence and false arrest (Count III), and against the Town of Gantt for a violation of 42 U.S.C. § 1983 (Count IV).

For reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as to the federal claims and the state law claims are due to be REMANDED.

### II. *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### III. *FACTS*

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

The Plaintiff, Thomas L. Glidewell ("Glidewell") ran as a candidate for the town council of the Town of Gantt in 2000. The general election was held on August 22, 2000. Glidewell was one of the top five vote getters, making him a town council member.

On August 23, 2000, Glidewell went to the Town Hall to inquire as to when the results of the election would be certified. Glidewell had taken his video camera with him. Glidewell had conversations with Diane Fowler ("Fowler") where he inquired as to when the election results would be certified. At the time that Glidewell was asking her questions, Fowler was making photocopies of election results to be forwarded to the Attorney General's office. Fowler explains in her affidavit that Glidewell had witnessed some absentee ballots and that there was some concern about the propriety of this action. Fowler went next door to the police department and the Chief of Police made arrangements for her to finish her photocopying at a business across the street.

Once Fowler resumed her photocopying at the business across the street, Glidewell entered the room where she was photocopying and asked her what she was copying. Fowler told him in a raised voice that she was copying personal matters. The owner of the business asked Glidewell to leave and he left.

Fowler returned to the Town Hall. She contacted the Town of Gantt's attorney who informed her that he would have no problem prosecuting a case against Glidewell. Fowler then went to the police and reported Glidewell's conduct. Town of Gantt Police Officer Chris Byrd filled out a complaint, which Fowler signed, charging Glidewell with the offense of harassment. On the basis of this complaint, the Town of Gantt Magistrate, Myrtle Scott ("Scott"), issued a warrant for Glidewell's arrest. The case against Glidewell was tried on December 12, 2000, and a Motion for Judgment of Acquittal was granted at the close of the prosecution's case.

### IV. *DISCUSSION*

Glidewell has brought claims against three defendants, each of whom has asserted different grounds for summary judgment. The court will first address the federal claims.

■ Glidewell states in his brief that he has brought claims against Scott for false arrest and negligence and for violation of § 1983. There is no allegation in the

Complaint, however, that Scott violated any federal statutory or constitutional rights for which 42 U.S.C. § 1983 would provide a remedy. The claim which cites to § 1983 in the Complaint is in Count IV which only applies to the Town of Gantt. *See* Complaint at page 6. In addition, Scott apparently does not construe the Complaint as bringing any federal claims against her. Brief in Support of Summary Judgment, page 1. Although the court must construe the allegations of the Complaint to do substantial justice, the court cannot allow Glidewell to amend his Complaint at this late date. His amendment is outside of the time allowed by the Scheduling Order which was entered in this case and to which Glidewell did not object. Accordingly, the court concludes that the only federal claim asserted in this case is brought against the Town of Gantt.

■ A municipality cannot be held liable for a violation of the constitution under § 1983 on the basis of respondeat superior. Instead, the constitutional violation must have been caused by a policy or custom of the Town of Gantt. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The allegations of Glidewell's Complaint regarding the claim brought under 42 U.S.C. § 1983 are limited to the Town of Gantt's liability for failure to train Scott. There is no claim that the Town of Gantt can be held liable for a violation of constitutional rights based on any of Fowler's actions. See Complaint, pages 6–7.

Glidewell's federal claim against the Town of Gantt is based on Scott's issuance of an arrest warrant in her capacity as magistrate. Glidewell has argued that the Town of Gantt failed to adequately train Scott as evidenced by Scott's testimony that she never placed individuals under oath when issuing arrest warrants, she did not know the elements of the crime of

harassment, nor did she consult the relevant statutes before issuing the warrant for Glidewell's arrest. Glidewell has pointed out that in *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the Supreme Court held that a city's failure to train can amount to a policy or custom where the failure to train evidences a deliberate indifference to the rights of the citizens of the city. The court notes that this avenue for establishing liability has been found to be limited in scope. *Board of County Commissioners v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("in a narrow range of circumstances, a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations"); *Gold v. City of Miami*, 151 F.3d 1346, 1352 (11th Cir.1998).

Accepting Glidewell's theory, however, the first issue presented by the facts of this case is whether there is a duty on the part of the Town of Gantt to adequately train Scott in her capacity as magistrate. Glidewell has provided to the court the Alabama Rules of Judicial Administration which govern magistrates, including a highlighted portion he apparently concedes applies to Scott as a clerk of the municipal court serving as magistrate. The portion of Rule 18 of the Alabama Rules of Judicial Administrative highlighted by Glidewell provides as follows:

(3) Orientation and Certification of Magistrates in the Municipal Court Magistrates Agency Division. Each municipal court clerk serving as clerk on August 28, 1992, must, within six months of that date, enroll in a magistrates' orientation and certification program approved by the Administrative Office of Courts ('AOC'). A municipal court clerk taking office after August 28, 1992, must enroll in such a program within six months after taking office. Magistrates,

other than municipal court clerks, serving in the municipal courts magistrates agency division on August 28, 1992, and those appointed after that date shall, not later than August 28, 1995, or six months from the date of their appointment, whichever is later, enroll in such an orientation and certification program. All magistrates, including municipal court clerks, shall complete that program in the manner and within the time prescribed by the AOC. The ADC[1] may waive the requirements of this subpart (3) as to a magistrate, including a municipal court clerk, either partially or completely, upon written request from the mayor of the municipality in whose court the magistrate serves that a waiver be granted because of a financial inability of the municipality to pay for the magistrate to attend the program. The ADC shall establish criteria on which to base any such waivers.

(4) Mandatory Continuing Education. After completing the certification program, each court clerk or magistrate must meet annual educational requirements as prescribed by the AOC.

Under this provision of state law, the training of magistrates is mandated by and approved by the Administrative Office of Courts, not individual towns and municipalities. Therefore, it is not clear from this record that any failure to train would be a failure on the part of the Town of Gantt.

The Ninth Circuit has rejected a claim similar to the one asserted by Glidewell. *See Bergquist v. County of Cochise*, 806 F.2d 1364 (9th Cir.1986), *abrogated on other grounds by, City of Canton, Ohio v. Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197,

103 L.Ed.2d 412 (1989). In *Bergquist*, the Ninth Circuit affirmed the district court's denial of relief against a county based on alleged policy of failing to train its magistrates on the reasoning that it would do violence to the doctrine of the separation of powers between the judiciary and the executive to impose a duty on the county to train magistrates. *Id.* at 1370–71.

■ This case does not present, and therefore, the court will not address, the question of whether a city or town could be held liable for employing a person as magistrate who failed to attend the training sponsored by the Administrative Office of Courts. Scott testified in her deposition that she attended two courses sponsored by the Administrative Office of Courts held in Mobile and Montgomery, Alabama. Scott Deposition, page 21:19–22. When asked about training she received on issuing warrants, she stated "I think they touched on the class-in one of the classes I had on warrants." *Id.*[2] Therefore, the evidence before this court is that Scott received training sponsored by the state Administrative Office of Courts which included training relevant to the alleged constitutional violation in this case.

■ Even putting aside the issue of duty, the fact that the training program is governed by state rule is also significant under deliberate indifference analysis. To prove municipal liability based on a policy or custom of failing to train, a plaintiff must demonstrate that (1) the government inadequately trained its employees, (2) the failure to train is an official policy, (3) the policy caused the employees to violate the plaintiff's rights. *Thomas v. Roberts*, 261

---

1.  The Administrative Director of Courts.

2.  To the extent that the Plaintiff specifically relies on the continuing education requirements for magistrates, there is no evidence in

the record before the court from which to conclude that any continuing education requirement, or an alleged failure to meet it, was a moving force in any alleged constitutional violation in this case.

F.3d 1160 (11th Cir.2001). The Supreme Court has explained that the focus must be on the adequacy of the training program, and that it is not enough that a particular officer has been unsatisfactorily trained. *City of Canton,* 489 U.S. at 390, 109 S.Ct. 1197. Instead, existence of a program which does not prevent constitutional violations may eventually put decision makers on notice that a new program is required. *Brown,* 520 U.S. at 408, 117 S.Ct. 1382. In this case, the program was training sponsored by the state Administrative Office of Courts, and the Town of Gantt provided funds for the magistrate to attend.

■ The Supreme Court has not foreclosed the possibility that there may be circumstances under which a single constitutional deprivation can be sufficient to establish a policy or custom when the need for more or different training is so obvious that the failure to provide such training constitutes deliberate indifference. *City of Canton,* 489 U.S. at 390 n. 10, 109 S.Ct. 1197. In the hypothetical example given by the Court, city policymakers know that police officers will have to arrest fleeing felons and have armed police officers with firearms, so the need to train officers in the constitutional limits of the use of deadly force is so obvious that "failure to do so" could be characterized as deliberate indifference. *Id.*

The court cannot conclude that the facts of this case fit into the limited circumstances identified by the Supreme Court. Assuming that Scott's function as magistrate would require her to handle recurring situations such as the one involved in this case, this is not a case where the town failed to equip her with "specific tools to handle the situation." *Brown,* 520 U.S. at 410, 117 S.Ct. 1382. The Town of Gantt provided funds for its magistrate to attend training sponsored by the Administrative

Office of Courts. In other words, training was provided to the magistrate and the training provided was sponsored by the Alabama Administrative Office of Courts. Without some evidence that the Town of Gantt was aware that the training sponsored by the state body was deficient, the court cannot conclude that the evidence of a single alleged violation of Glidewell's constitutional rights is sufficient to demonstrate that the Town of Gantt failed to provide new or different training in the face of an obvious need. Concluding otherwise would mean that the Town of Gantt bore a responsibility under the constitution, even in the absence of evidence of a pattern of constitutional violations, to evaluate the content of the training provided by the Administrative Office of Courts.

The fact that the out-going magistrate of the Town of Gantt undertook to provide some training as well does not alter this court's conclusion. The focus in an "obvious need" case is on whether an entity failed to provide training in an area with which it knew its employee would have to deal on a recurring basis. Providing funds for state-sponsored training and having an out-going employee provide training in that area does not fit into the example articulated by the Supreme Court in *City of Canton* where a city failed to train an employee in a particular area. Instead, training was provided in the alleged area of obvious need.[3] Accordingly, the court concludes that Glidewell has failed to establish a basis for liability on the part of the Town of Gantt for the training of Scott in her capacity as a magistrate. Summary judgment is, therefore, due to be GRANTED as to the only federal claim asserted in this case.

Because this court has concluded that summary judgment is due to be GRANT-

---

**3.** Glidewell has not attempted to establish a pattern as a predicate for liability on the basis of inadequate training, but has instead proceeded under the "obvious need" theory.

ED as to the federal claims asserted in this case, the court declines to exercise supplemental jurisdiction over Glidewell's state law claims and those claims will be remanded to state court. *See* 28 U.S.C. § 1367(c)(3); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir.1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").

## V. *CONCLUSION*

For the reasons discussed above, the court concludes that summary judgment is due to be GRANTED as to the federal claim asserted in this case and that it will decline to exercise supplemental jurisdiction over the state law claims and will remand them to the state circuit court from which they were removed.

## *ORDER AND JUDGMENT*

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. # 11) is GRANTED as to the Plaintiff's federal claim and judgment is entered in favor of the Town of Gantt on the Plaintiff's federal claim and against the Plaintiff, Thomas L. Glidewell.

2. It is further ORDERED that Plaintiff's state law claims are remanded to the Circuit Court of Covington County, Alabama.

3. The clerk is DIRECTED to take all steps necessary to effect this remand